Newman, J.
It is provided in Section 11738, General Code, that a husband and wife living together, resident of this state, and not the owner of a homestead, may hold exempt from levy and sale property to be selected, not exceeding $500 in value, in addition to the amount of chattel property otherwise by law exempt. That section contains, also, this provision: “No personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof.”
The court of appeals was of the opinion that under this provision so much of the judgment as was represented by the unpaid purchase money was superior to the homestead exemption. The, common pleas court had reached the same conclusion, and in support thereof cited Green v. Bass, 83 Ohio St., 378, where Frost v. Shaw, 3 Ohio St., 271, was approved and followed. In Green v. Bass, supra, the holding was that the owner of the senior chattel mortgage did not, by recovering a judgment on the note which was secured and causing execution to be levied on the chattels mortgaged, waive the priority of his lien. In Frost v. Shaw, supra, it was held that in the case of the chattel mortgage the owner waives the benefit of the exemption, so far as the incumbrance extended or was operative, and that, where a mortgagee at the maturity of his debt, having the right to the possession of the property mortgaged, saw proper to reduce his debt to judgment and have the property sold under the *168 authority of an execution for the payment of his debt, the debtor sustained no injury in the right of possession of the property, which would support an action of trespass, even though the chattels mortgaged and sold belonged to the enumerated articles exempted by law from execution.
The relator in the instant case had executed a chattel mortgage to secure the payment of the notes given in part payment of the purchase price of the camera. If, in the action brought by the W. C. Dunn Photo Supply Company against him in the justices’ court, the claim had been confined to one based on these notes, the judgment debtor could not, under the holding in the Bass case, supra, have complained had the camera been levied on and sold oh execution; but, in view of the fact that in the instant case judgment was not rendered exclusively on the notes given for the purchase price of the camera, we do not think the two cases to which we have referred are in point.
That part of Section 11738, General Code, which is quoted. above, is a comparatively recent enactment, and by force of its provision the vendor of personal property who is not secured by a chattel mortgage stands on an equal footing, so far as the right of the judgment debtor to claim exemptions is concerned, with the vendor who has such security*. But the question for our determination is whether it has application in the instant case.
The creditor had two classes of claims against his debtor. Certain personal property was not exempt from execution on a judgment rendered upon one class of these claims. As to a judgment ren *169 dered upon the other class the same property was exempt. The creditor saw fit to combine his claims in one action, and they were merged in one judgment rendered by default. The provision of the statute upon which counsel relies and upon which the court of appeals based its conclusion is a statutory provision in the nature of an exception to the general exemption law. It is the policy of this state, as it is elsewhere, to construe laws exempting property of a debtor upon execution liberally in his favor, and it is the duty of courts to see that the beneficial object of the law is accomplished. It would follow, then, that a provision in the nature of an exception to the general law on the subject of exemptions should be strictly construed. The provision of the statute in question is that no personal property shall be exempt from execution on a judgment rendered for the purchase price or any part thereof. The judgment in the instant case is not a judgment for the purchase price or a part of the purchase price of the camera. It is for a part of the purchase price and in addition thereto for an amount due on a book account for merchandise. No exception as to exemptions is made by this statute in the case of a judgment a part of which only is for the purchase price or a part of the same. The judgment must be exclusively for the purchase money or a part thereof.
This was not a case where the judgment rendered in the justices’ court was being reviewed on error. It was a proceeding in mandamus, and the judg-. ment before the lower courts was an entirety and indivisible. The claim for the balance of the pur *170 chase money for the camera and the claim on the book account had become united and merged. We do not see upon what theory a court in a mandamus proceeding, or an officer in whose hands an execution is placed, can analyze a judgment for the purpose of ascertaining the several items which might be included in it. We think the lower courts were without power to apportion the judgment.
It is said that to permit the relator to exempt the property in question from execution would work a hardship to the creditor and would destroy the efficacy of the provision above quoted. If the creditor did not see fit to bring a suit in foreclosure on the chattel mortgage, he could have brought an action on the notes for the purchase price and reduced these notes to judgment, and the provision of the statute would have fully protected his rights. But when he combined in one action the balance due on the purchase price of the camera and his account for merchandise he waived his right to proceed under the provision we have quoted.
For the reasons we have given the judgment of the court of appeals is reversed, and, upon the undisputed facts in the case, judgment is rendered for plaintiff in error.

Judgment reversed and judgment for plaintiff in error.

Nichols, C. J., Jones, Matthias, Johnson and .Donahue, JJ., concur.